# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COBBRIETTIE C. WILSEIONNAS III, MELISSA BOONE, DEBORAH BOONE**

**Plaintiffs,**

-vs-

**Case No. 6:07-cv-1043-Orl-19UAM**

**LORIA PHELPS, BILL KROCK, VICTOR STEFANICI, ANN MARIE MISIONICO, KAREN MARTIN**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 7)** |
| **FILED:** | **June 27, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED. under 28 U.S.C. § 1915(e)(2)(B)(i) - (ii) (failure to state a claim and frivolousness).** It is further **RECOMMENDED** that the amended complaint [Doc. No. 6] be dismissed without prejudice as frivolous.

Plaintiffs Cobbrettie C. Wilseionnas III, Melissa Boone, and Deborah Boone, all proceeding *pro se*, have filed an amended complaint[1] against Defendants Loria Phelps, Bill Krock, Victor

---

[1]Plaintiff Wilseionnas filed the original complaint in this action on June 21, 2007 and signed the complaint on behalf of Melissa Boone, Deborah Boone, and Anna Boone. Doc. No. 1. The Court then ordered the Clerk to terminate Deborah Boone, Melissa Boone, and Anna Boone as plaintiffs because they had not signed the complaint and because Wilseionnas could not appear on their behalf pursuant to Local Rule 2.01(a). Doc. No. 3. On June 27,

Stefanici, Ann Marie Miglionico, and Karen Martin. Doc. No. 6. In the amended complaint, each Plaintiff recounts his or her recollection of an incident that seems to involve Wilseionnas and an allegation of child abuse. The three Plaintiffs now seek leave to proceed *in forma pauperis*.

## II. THE LAW

### A. <u>Leave to Proceed *In Forma Pauperis*</u>

#### 1. <u>The Statute and Local Rules</u>

District courts must review[2] civil complaints filed *in forma pauperis* and shall dismiss complaints that are frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of the statute applies to all proceedings *in forma pauperis* and provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2).[3]

---

2007, an amended complaint signed by Wilseionnas, Deborah Boone, and Melissa Boone was filed, so Deborah Boone and Melissa Boone have been reinstated as plaintiffs. *See* Doc. No. 6. Anna Boone did not sign the amended complaint, so although her name appears as a plaintiff in the caption of the amended complaint, she is not a plaintiff to this action. *See id.* Plaintiffs name different Defendants in their original and amended complaints. *Compare* Doc. No. 1 *with* Doc. No. 6.

[2] 28 U.S.C. § 1915A requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

[3] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

2. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[4] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

3. Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

[4]At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

a. *Frivolous Factual Allegations*

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke*, 490 U.S. at 325-28. The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id.* Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Id.* (citing *Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129. If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

b. *Frivolous Legal Theories*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[5] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29

[5]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

(Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Id.* at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F.Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part*, 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. *See Patterson*, 628 F.Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied*. 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants

a dismissal as frivolous. *See Franklin*, 563 F.Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Id.* at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal. It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F.Supp. at 1324.

**B. Notice Pleading**

Rule 8 of the Federal Rules of Civil Procedure allows a plaintiff considerable leeway in framing his complaint. Rule 8 states that:

> [a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). The plaintiff need not set forth all the facts upon which the claim is based. The statement of the claim, however, must give the defendant "fair notice" of the claim and the grounds upon which the claim rests. *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir.1996). In general, the court should construe *pro se* pleadings more liberally than formal pleadings drafted by lawyers. *Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir.2002).

## III. ANALYSIS

The amended complaint[6] is confusing, but, as discussed above, Plaintiffs appear to claim that Wilseionnas was wrongfully accused of abusing Anna Boone in a "sealed case." The Court cannot otherwise discern what Plaintiffs allege occurred and how each Defendant was involved. Plaintiffs did not state a basis for federal jurisdiction or a claim for any cause of action cognizable under federal law. Further, even by the liberal standards for notice pleading and for *pro se* complaints, the amended complaint is insufficient to provide fair notice of the claims.

Accordingly, it is

**RECOMMENDED** that House's Motion to Proceed *In Forma Pauperis* (Doc. No. 7) be **DENIED**. It is further

**RECOMMENDED** that the amended complaint (Doc. No. 6) be dismissed without prejudice as frivolous, and that the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 29, 2007.

Donald P. Dietrich
United States Magistrate Judge

---

[6]The amended complaint is the operative pleading pursuant to Federal Rule of Civil Procedure 15(a), although the undersigned considered both the original complaint and the amended complaint and finds them both to be frivolous.

Copies furnished to:

The Honorable Patricia C. Fawsett, Chief Judge
Counsel of Record
Unrepresented Party